**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL CASE NUMBER:** |
| | **1:17-CR-430-TWT-JSA** |
| **THOMAS UKOSHOVBERA A. GBENEDIO** | |

===============================================================

**ORDER AND REPORT AND RECOMMENDATION
ON A MOTION FOR BILL OF PARTICULARS AND MOTION TO
DISMISS THE INDICTMENT**

Defendant, a pharmacist, is charged with illegally dispensing substantial quantities of prescription drugs from Better Way Pharmacy, which he owned and operated. *See generally* Indictment [1] ¶¶ 12-20. The Court hereby issues a Report and Recommendation and an Order relating to two interrelated motions, that is, a Motion for Bill of Particulars [35] and a Motion to Dismiss the Indictment for allegedly failing to adequately specify the charges [60]. As explained below, the Court **DENIES** the Motion for Bill of Particulars [35] and **RECOMMENDS** denial of the Motion to Dismiss [60]. The Court will issue a separate Report and Recommendation to address a pending Motion to Suppress Evidence [50].

## I. THE INDICTMENT

Defendant was a pharmacist licensed to practice in the State of Georgia. Indictment [1] ¶ 12. He owned, operated, and oversaw the day-to-day operations of Better Way Pharmacy ("Better Way") in Mableton, Georgia. *Id*. ¶¶ 13-14. These operations included purchasing and dispensing controlled substances, pursuant to Better Way's registration with the DEA. *Id*.

The Indictment includes several paragraphs summarizing various legal requirements governing the dispensation of controlled substances by pharmacies and pharmacists. *Id*. ¶¶ 1-11. Included among these requirements are that pharmacists may only dispense controlled substances, acting in the usual course of their professional practice, and pursuant to prescriptions from licensed medical practitioners. *Id.* ¶¶ 4, 7-10. It is unlawful for a pharmacist to dispense controlled substances pursuant to a prescription that the pharmacist knows or should know is invalid. *Id.* ¶ 10. Patients picking up certain controlled substances must also present government-issued photo identification. *Id*. ¶ 11.

The Indictment charges the Defendant with 70 separate counts of Unlawful Drug Dispensing under 21 U.S.C. § 841(a)(1). Each charge includes the same general language, that is, that "On or about the dates set forth below, in the Northern District of Georgia, [Defendant], as described below, did knowingly and intentionally dispense mixtures and substances containing controlled substances,

by filling prescriptions for controlled substances, outside the course of professional practice and for other than a legitimate medical purpose." *See, e.g., id.* ¶ 16. In table format, the Indictment then proceeds to list the 70 individual counts by identifying the date the prescription was filled, the prescription number, and a description that includes the name and quantity of the specific substance that was dispensed along with the initials of the patient to whom it was dispensed. The Indictment includes a 71st Count, for refusal of inspection, which is not at issue in the Defendant's instant motions.[1]

As noted below, in response to the Motion for Bill of Particulars, the Government has also clarified the manner of Defendant's drug dispensing violations:

> [T]he Government hereby informs Defendant that the primary manner in which the Government alleges he illegally dispensed controlled substances involved dispensing pursuant to prescriptions Defendant knew or should have known were forged and/or fraudulent.

Response [46] at 6.

---

[1] The Motion to Dismiss purports to request dismissal of Counts One through 69, although there are 70 counts of illegal drug dispensing, and the same criticisms that Defendant levels as to the first 69 counts apply equally to Count 70. It is not clear whether the Defendant's omission of Count 70 from the Motion to Dismiss was a typographical error. In any event, this ambiguity is immaterial because, as explained below, the Court concludes that the Motion to Dismiss is meritless.

## II. ORDER DENYING THE MOTION FOR BILL OF PARTICULARS

The purpose of a true bill of particulars is threefold: "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985) (citations omitted). A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information necessary for trial preparation even if not required to be included in the indictment itself. *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (italics omitted).

Generalized discovery, however, is not an appropriate function of a bill of particulars, and is not a proper purpose in seeking the bill. *Id.*, at 1442; *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981). Similarly, the Eleventh Circuit has held that a bill of particulars should not "automatically [be] accorded the status of a supplement to an indictment." *United States v. Anderson*, 799 F.2d 1438, 1442 (11th Cir. 1986). Furthermore, a defendant is not entitled to a bill of particulars "with respect to information which is already available through other sources," including discovery. *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990); *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir.), *modified on other grounds*, 801 F.2d 378 (11th Cir. 1986).

The Defendant filed a Motion for Bill of Particulars on June 13, 2018 [35]. In his Motion, Defendant states that the Indictment "is so lacking in specific allegations" that it fails to explain "how the statute was violated in a meaningful way in order to [allow for Defendant] to prepare his defense" or plead double jeopardy in the event of a later prosecution. Motion [35] at 3. Otherwise, the Motion does not explain what specific information is lacking, and why the Indictment fails to provide enough detail to inform the Defendant of the charge.

After the filing of the Motion for Bill of Particulars, the Government finished production of discovery, and the Court set a schedule for the Government to serve its expert reports, including any report from a medical and/or pharmacy expert. *See* Minute Entry [37]. The Court also deferred any Government response until the service of the expert reports, *see id*., so that the parties could discuss how such information might impact the need for a Bill of Particulars. The Government responded on November 2, 2018, after all discovery had been furnished, including any Government expert reports [46].

In that response, the Government argued that the language of the Indictment itself was sufficient. Even if not, the Government further argued that the combination of the Indictment, discovery, and other disclosures provided by the Government (including a list of unindicted co-conspirators and its statement summarizing the manner of the Defendant's commission of the offense) provided

more than the necessary detail. Defendant never replied to explain why at least this combination of information, including the additional statement as to the Government's theory, was insufficient to fulfill the purposes of a Bill of Particulars.

The Court finds for the Government that a Bill of Particulars is not warranted. The Indictment alleges more than enough information as to the specific transactions for which Defendant is charged with illegally dispensing drugs. While Defendant does not argue what information is missing, the Court presumes that the Defendant takes issue with the summary nature of the charging paragraphs, by which it is left unsaid exactly how the Defendant's fulfillment of the listed prescriptions was contrary to legal practices. Generally, however, "[t]he defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *United States v. Kendall*, 665 F.2d 126, 135 (9th Cir. 1981). Thus, the Government need not "explain the legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980).

Moreover, even if the charging language itself were somewhat lacking, the Government has now produced discovery, and has specifically explained to Defendant the general nature of his illegal conduct. Defendant fails to contest the sufficiency of the combination of this information. To require additional details

would seem to get the level of requiring disclosure of specific evidence, which is "detail to which he is not entitled in a bill of particulars . . . ." *United States v. Chaidez-Ontiveros*, No. 1:11–CR–0264–AT–JFK, 2011 WL 7574634, *2 (N.D. Ga. October 25, 2011). After all,

> [T]here is a difference between being surprised by the charge and being surprised by the evidence supporting a charge. The function of the bill of particulars is to reduce surprise at the charge, that is, to enable the defendant to identify what he is alleged to have done in violation of law. It is not to eliminate surprise with respect to evidence offered in support of a charge that is clearly understood by the defendant.

*United States v. Scrushy*, No. CR-03-BE-530-S, 2004 WL 483264, at *9 n. 5 (N.D.Ala. March 3, 2004).

Thus, the Court **DENIES** the Motion for Bill of Particulars [35].

### III. REPORT AND RECOMMENDATION ON THE MOTION TO DISMISS

#### A. *Timeliness of the Motion*

After providing numerous extensions to Defendant to file pre-trial motions, the Court's final continuance required the filing of pretrial motions by December 14, 2018 [48]. The Defendant filed a Motion to Suppress [50] on that date, which motion is addressed in a separate Report and Recommendation. However, the Defendant filed a Motion to Dismiss based on the sufficiency of the allegations in the Indictment on January 17, 2019 [60], approximately 30 days after the deadline. The Motion requests that the Court consider it, despite being filed out of time.

According to the Motion, counsel had just become aware through discussions about another case as to certain legal arguments "as it relates to pharmacists charged in these prosecutions."  [60] at 2.

The basis of the late-filed Motion to Dismiss is that "the indictment fails to put Mr. Gbenedio on notice sufficient for him to know what the basis for the prosecution is, what the prosecution's theory of the case is that was presented to the grand jury and facts that would prevent him from pleading double jeopardy in a subsequent prosecution." *Id*. at 7.  Defendant argues that while the Indictment outlines various legal requirements governing the dispensation of controlled substances, it does not explain how Defendant supposedly violated those requirements.  The Defendant argues that the vague, boilerplate language charging him with "filling prescriptions for controlled substances, outside the course of professional practice and for other than a legitimate medical purpose," fails to meaningfully explain what Defendant did wrong. *Id*. at 10.

In opposing the Defendant's Motion to Dismiss, the Government first argues that the Defendant has failed to show good cause to permit the filing of an out-of-time motion.  The Court agrees.

Arraignment in this case occurred on December 19, 2017 [9], and pretrial motions were thus due within fourteen (14) days of arraignment, *see* Scheduling Order [12] at 12 (citing deadlines in Court's Local Rules).  Nevertheless,

considering the complexity of the case and the volume of evidence, and a change in defense counsel in April 2018, the Court granted at least eight continuances of the motions filing deadline, ultimately requiring motions to be filed by December 14, 2018. *See* [14][19][22][32][37][41][45][48].

During the midst of these continuances, in June 2018, Defendant filed the Motion for Bill of Particulars [35] discussed above. That Motion similarly argues that the Indictment fails to allege the essential elements of the offense and adequately apprise the Defendant of the charges against him. Essentially, the Motion for Bill of Particulars and the Motion to Dismiss are addressed to the same alleged deficiency—the supposed failure to describe the Defendant's wrongdoing in more detail. The motions differ only in the relief they seek, that is, an order requiring particularization versus an order of dismissal. Nothing is provided to allow the Court to find good cause for the filing of one motion in June 2018 and the other motion in January 2019, long after the motions filing deadline. Thus, the Court finds the Motion to Dismiss to be untimely and recommends that it be denied on that basis.

**B.** *The Merits*

Nevertheless, the Court has reviewed the Motion to Dismiss and independently recommends that, just as the Motion for Bill of Particulars, it be denied as meritless. The Eleventh Circuit in *United States v. McGarity*, 669 F.3d

1218, 1235-36 (11th Cir. 2012), summarized the standards governing the sufficiency of an Indictment as follows:

> When analyzing such challenges, we "give the indictment a common sense construction, and its validity is to be determined by practical, not technical, considerations." *United States v. Poirier*, 321 F.3d 1024, 1029 (11th Cir. 2003) (quotation marks and citations omitted). Such a common sense construction is satisfied through consideration of three factors: whether the indictment "1) presents the essential elements of the charged offense, 2) notifies the accused of the charges to be defended against, and 3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002) (quotation marks and citations omitted). These factors ensure the provision of constitutional notice and due process. *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998); *see also United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983) ("To pass constitutional muster, an indictment must be sufficiently specific to inform the defendant of the charge against him and to enable him to plead double jeopardy in any future prosecutions for the same offense."). Ultimately, "the appropriate test ... is not whether the indictment might have been drafted with more clarity, but whether it conforms to minimal constitutional standards." *United States v. Varkonyi*, 645 F.2d 453, 456 (5th Cir. 1981). However, "[e]ven when an indictment tracks the language of the statute, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *United States v. Schmitz*, 634 F.3d 1247, 1261 (11th Cir. 2011) (quotation marks and citations omitted).

*McGarity*, 669 F.3d at 1240.

Defendant does not dispute that the Indictment tracks the language of the statute. Thus, at a minimum, it follows that the Indictment charges the essential statutory elements of the offense. As for the third concern identified by

*Woodruff*—uncertainty as to the applicability of double jeopardy—that also is clearly inapplicable here. The Indictment not only alleges the essential elements of the offense, but also identifies with great specificity the individual prescriptions (by number, date, substance, patient, and dosage) that the Defendant allegedly illegally filled. There would be no uncertainty as to the double jeopardy implications of initiating a trial on these charges. Any subsequent Court would clearly be able to ascertain the transactions for which Defendant could not be re-tried on unlawful drug dispensing charges, because those transactions are clearly and unmistakably specified.

*Woodruff*'s second concern—whether Defendant has been adequately apprised of the charges to allow him to prepare a defense—is also meritless for much the same reasons explained vis-à-vis the request for a Bill of Particulars. First, as noted above, the Indictment leaves no doubt as to the specific drug dispensation transactions that are at issue in the Government's case. The Defendant has substantial information to allow him to prepare his defense as to these transactions, for which he has the Government's discovery as well as presumably his own business records and personal knowledge. Second, as discussed above as to the requested Bill of Particulars, the Government has affirmatively provided the Defendant not just with discovery, but also a general statement of its theory of prosecution:

> [T]he Government hereby informs Defendant that the primary manner in which the Government alleges he illegally dispensed controlled substances involved dispensing pursuant to prescriptions Defendant knew or should have known were forged and/or fraudulent.

Response [46] at 6.

The Government specifically argues in its opposition to the Bill of Particulars that even if the Indictment were itself lacking in some necessary detail, this additional statement, combined with the substantial discovery provided to Defendant, are at least in combination with the Indictment sufficient to apprise the Defendant of what he must defend against. As noted above, Defendant did not reply to this argument as it related to the Bill of Particulars issue. Nor does Defendant address these same points as they relate in the same way to undermine his request to dismiss the Indictment.

The Defendant's cases are distinguishable. In *McGarity*, 669 F.3d at 1240, the Court upheld the sufficiency of all but one count in an Indictment. The problematic count charged a Defendant with obstruction of an official proceeding without identifying the official proceeding or any actions the Defendant took to obstruct it. The Indictment in that case also only included a general range of dates during which the offense was committed. As the Court explained, "the only notice provided here is that the defendants obstructed an unknown official proceeding at some time in some place by some action." *Id*. at 1240. The Court found this language to be insufficient, as it plainly did not inform the Defendant of

information necessary to prepare any defense and did not protect him from double jeopardy. *Id.*

Similarly, in *Russell*, the Defendant was charged with refusing to answer a question before Congress relating to a matter which was allegedly "then under investigation by the congressional body that summoned him." *Russell*, 369 U.S. at 755. The Indictment did not identify the matter that was under inquiry, even though, as the Supreme Court explained, the question of whether a question was pertinent to a matter under inquiry was to be determined as a matter of law by the courts. *Id*. at 755-756. In light of this specific statutory scheme, the failure to specify the matter under inquiry amounted to a failure to allege an essential factual element of the offense. Thus, the Court overturned the conviction.

These cases are inapposite because the Indictment here alleges the essential facts regarding the transactions for which Defendant is being charged with great specificity. And the Government provides substantial information in the Indictment, the response to the Bill of Particulars motion, and in discovery, to explain at least the general manner of Defendant's violations. This information is more than sufficient to apprise Defendant of the nature of the charge and further evidentiary detail is not required at this stage.

Defendant also cites *United States v. Italiano*, 837 F.2d 1480, 1486 (11th Cir. 1988), although the specific issue that was before the court in that case is even

more far afield.  The problem in *Italiano* was not that the Indictment was insufficiently detailed.  Rather, the Indictment in *Italiano* affirmatively charged a scheme—by local government officials to use the mails to deprive the local citizenry of their loyal and faithful services—which the Supreme Court later exonerated as innocent conduct under the mail fraud statute.  *See id*. at 1483-1484.  The Government in *Italiano* did not dispute that the Supreme Court's decision in *McNally v. United States*, 483 U.S. 350 (1987), invalidated the scheme charged in the Indictment.  The Government argued that Defendant Italiano's conviction should nevertheless be upheld because the facts adduced at trial would have constituted mail fraud even under the stricter construction of the statute announced in *McNally*.  The Eleventh Circuit rejected this argument, and vacated Italiano's conviction, because the Indictment failed to charge a criminal act in the first place, and because that the courts could not uphold a conviction simply because the facts established at trial may have supported a differently-worded Indictment.  The court quoted long-standing Supreme Court precedent for the notion that:

> "If it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by grand jury ... [would] be frittered away until its value [was] almost destroyed...." Ex parte Bain, 121 U.S. 1, 10, 7 S.Ct. 781, 786, 30 L.Ed. 849 (1886).

*Italiano*, 837 F.2d at 1486-87.

Put simply, the *Italiano* problem does not exist in this case. The Defendant's argument is not that the Indictment alleges only non-criminal conduct. The Defendant's argument, rather, is that Indictment does not supply him with enough details to understand *how* the Government will contend that he illegally filled the listed prescriptions. This argument is not supported by *Italiano*, and it fails for the reasons explained above.

Thus, even if the Court were to entertain the out-of-time Motion to Dismiss [60], the Court would recommend that it be denied on the merits.

## CONCLUSION

For the reasons explained above, the Court **ORDERS** that Defendant's Motion for Bill of Particulars [35] is **DENIED**, and **RECOMMENDS** that Defendant's Motion to Dismiss [60] also be **DENIED**.

This matter is ready for trial.

IT IS SO **ORDERED and RECOMMENDED** this 29th day of March, 2019.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE